IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER PARFITT, individually,

    Plaintiff,

vs.

FLORIDA GULF COAST UNIVERSITY
BOARD OF TRUSTEES,
FLORIDA GULF COAST UNIVERSITY,
EUNSOOK HYUN, JAMES LLORENS
and PRECIOUS GUNTER,

    Defendants.
_____/

Case No. 2:19-cv-727-FtM-38NPM

**MOTION FOR LEAVE TO FILE REPLY TO
DEFENDANTS' RESPONSE TO
<u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

    Plaintiff, Christopher Parfitt, by and through his undersigned counsel and pursuant to L. R. 3.01(c) and (d), respectfully requests leave of the Court to file a reply brief to Defendants' Response [Dkt. 50] to Plaintiff's Motion for Leave to Amend Complaint [Dkt. 48] of no longer than 20 pages, and in support alleges as follows:

    1.    On October 8, 2019, Plaintiff initiated this action by filing a three-count complaint against all originally named Defendants for breach of contract (Count II), breach of the implied covenant of good faith and fair dealing (Count III), and violations of due process pursuant to Section 1983 (Count I) [Dkt. 1]. Defendants subsequently filed a motion to dismiss all claims, with prejudice [Dkt. 32]. Plaintiff has not filed a response to Defendants' Motion to Dismiss pending a decision on Plaintiff's Motion for Leave to Amend his Complaint.

2.  Before his response to Defendants' Motion to Dismiss was due, Plaintiff filed a Motion for Leave to Amend, seeking to file an amended complaint that eliminates Counts II and III of the original Complaint (breach of contract, breach of the implied covenant of good faith and fair dealing, respectively).[1] The proposed Amended Complaint retains Plaintiff's original due process claim (Count I) and adds a claim to compel arbitration under Florida law (Count II). Defendants oppose this motion, claiming that both claims are futile and subject to dismissal [Dkt. 50]; *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail"). In support of their futility argument with respect to Plaintiff's due process claim, Defendants incorporate their previous Motion to Dismiss Count I of Plaintiff's Complaint (due process violation) [Dkt. 50, p. 6].

4.  At this time, Plaintiff has not responded to Defendants' Motion to Dismiss nor is he permitted to reply to the arguments set forth in Defendants' Response to Plaintiff's Motion for Leave to Amend without leave of the Court. Without the opportunity to file a reply, Plaintiff will not have an opportunity to address Defendants' futility argument or, by extension, Defendants' Motion to Dismiss Count I of the original Complaint. Given the overlap between these motions, Plaintiff will be able to address *all* of Defendants' pending arguments in his proposed reply to Defendants' Response to Plaintiff's Motion for Leave to Amend.

5.  Plaintiff seeks leave of the Court to reply to Defendants' Response to Plaintiff's Motion for Leave to Amend. Through this proposed reply, Plaintiff will address Defendants' Motion to Dismiss Count I of the original complaint and Defendants' argument that Plaintiff's proposed, amended claims are futile. Absent such relief, Plaintiff will not have a full and fair opportunity to

---

[1] Plaintiff has agreed to dismiss Counts II and III of his original Complaint even if his Motion for Leave to Amend is not granted.

defend himself against Defendants' Response to Plaintiff's Motion for Leave to Amend or their related, incorporated Motion to Dismiss Count I of Plaintiff's original Complaint.

WHEREFORE, Plaintiff, Christopher Parfitt, respectfully requests that this Court grant an appropriate order permitting Plaintiff to file a reply to Defendants' Response to Plaintiff's Motion for Leave to Amend, no longer than 20 pages in length and by no later than 14 days following this Court's Order, if any, granting the relief requested in this Motion, and for such further relief as this Court deems just and proper under the circumstances.

### Rule 3.01(g) Certification

Pursuant to L. R. 3.01(g), counsel undersigned affirms that he has met and conferred with opposing counsel, who has other commitments and has not yet responded as to whether Defendants oppose or do not oppose the relief requested in this motion. Plaintiff will amend this certification as soon as opposing counsel responds.

DATED this 4th Day of February, 2020.

/s/ Floyd S. Yarnell, Esq.
Floyd S. Yarnell, Esq.
Florida Bar No. 184209
YARNELL & PETERSON, P.A.
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
Ph. 239/566-2013; Fax 239/566-9561
Service@NaplesLaw.us
FloydYarnell@NaplesLaw.us
ChrisRelli@NaplesLaw.us
**Local Counsel for Plaintiff**

EDWARDS LAW GROUP LLC

/s/ Timothy Edwards, Esq.
Timothy Edwards, Esq.
Fla Bar No. 126931
873 Peregrine Circle

<div style="text-align: right">
Oregon, WI 53575<br>
Phone: (608) 443-8489<br>
E-mail: <u>edwards@tdemadison.com</u><br>
***Attorney for Plaintiff***
</div>

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 4, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System and transmittal of Electronic Filing to the following ECF registrants: Sacha Dyson, Esq. and Gregory A. Hearing, Esq. (*Sacha.Dyson@gray-robinson.com* and *Gregory.Hearing@gray-robinson.com*), Gray Robinson, P.A., 401 E. Jackson St., Suite 2700, P.O. Box 3324, Tampa, FL 33602 (33601-3324); and Timothy Edwards, Esq. (*edwards@tdemadison.com*), Edwards Law Group LLC, 873 Peregrine Circle, Oregon, WI 53575.

<div style="margin-left: 50%">
<u>/s/ Floyd S. Yarnell, Esq.</u><br>
Floyd S. Yarnell, Esq.<br>
Florida Bar No. 184209
</div>